THE STATE OF NEBRASKA, EX REL. TOBIAS CASTOR, v. THE BOARD OF SUPERVISORS OF SALINE COUNTY ET AL.

1. Township Organization: TRIAL OF COUNTY OFFICERS BY SUPERVISORS. In counties under township organization the board of supervisors have authority to hear and determine complaints against county officers under the provisions of article two, chapter 18 of the Compiled Statutes 1885.

2. ——: ——: COMPLAINT. When the board has assumed jurisdiction of such a cause, and has passed upon the sufficiency

of the complaint, and afterwards refused to act in the case, and upon an application to the supreme court in the exercise of its original jurisdiction for a mandamus to compel action, the court will not inquire into the sufficiency of the complaint further than to ascertain if it is such a complaint. To that extent the complaint was examined, and *Held*, Sufficient.

3. **Mandamus:** JUDGMENT OF COUNTY BOARD CANNOT BE CONTROLLED. While the supreme court can by a mandamus compel a board of county supervisors to act upon a complaint against a county officer, yet it can in no way control its judgment or legal discretion.

4. **Removal of County Officers:** TRIAL BEFORE COUNTY BOARD. A respondent, in a proceeding to remove him from a county office, has the right to present as many legal questions for decision by the county board as he may think necessary for his proper defense, but the board has the authority and right to decide such questions either with or without argument, as it may deem proper. It is not required to waste time in listening to unnecessary arguments.

5. ———: UNNECESSARY COSTS TAXED TO PARTY MAKING THEM. Where a party to a proceeding before the county board causes the attendance of unnecessary witnesses, or in any other manner needlessly augments the costs and expenses of a trial, it is within the power of the board to tax such unnecessary costs to the party making them, and it should in all proper cases exercise such power.

6. ———: QUORUM OF BOARD SUFFICIENT. In a proceeding before a board of supervisors to remove from office a county officer two-thirds of all the members elected constitute a quorum. It is not essential that all the members be present. But of a special meeting all must be notified.

7. ———: DUTY OF COUNTY BOARD. When a complaint against a county officer is made and filed with the county clerk it is the duty of the county board to hear it. They have no authority to order its removal to the district court for trial.

ORIGINAL application for mandamus.

*Griggs & Rinaker*, for relator.

*F. I. Foss, J. H. Grimm, Ryan Brothers*, and *Abbott & Abbott*, for respondents.

REESE, J.

This is an application to this court, in the exercise of its original jurisdiction, for a writ of mandamus directed to the county board of supervisors of Saline county requiring it to proceed to the examination of certain charges preferred against Charles W. Meeker, the clerk of the district court, by the relator herein.

From the record before us it appears that on the fourth day of August, 1885, the relator filed in the office of the county clerk of Saline county a complaint against Meeker charging him with official misdemeanors as such officer, and that the county clerk issued a summons to him, as is provided by article two of chapter eighteen of the Compiled Statutes of 1885. The charges and specifications are quite lengthy, and will not be noticed in detail. On the 25th day of August the matter came up for hearing before the supervisors, when the respondent filed a plea to the jurisdiction of the board. In this it was contended that the statute not having conferred such powers upon the board of supervisors, they were without authority to act. The session continued from day to day, until the 29th. During this time a number of other pleas, motions, etc., were filed by the respondent, which were, briefly stated, as follows:

Denying the right of the board to proceed without all the members being present.

That the costs be taxed to complainant.

An objection to the board delegating any of its powers to the chairman, such as determining the order of argument upon interlocutory questions, etc.

A general demurrer to the complaint.

An objection to the jurisdiction of the board, for the reason that a member was acting without authority, he not being a legal member of the board.

Denying the jurisdiction of the board, for the reason that two townships of the county were without representation thereon.

A demand for a jury trial.

A demand or motion for permission to examine the members of the board as to their qualifications to sit in the case.

A motion for a change of venue.

These questions were disposed of in their order, and the case retained for hearing, until the board, apparently tired of the protracted proceedings, and perhaps uncertain as to their powers and duties, passed the following preamble and resolution:

" Whereas, Three days have already been used by this board in the consideration of the case of *The State, ex rel. Castor, v. Meeker;* and

" Whereas, All of said time has been given to the consideration of motions made by defendant's counsel; and

" Whereas, Counsel for defendant have notified this board that they intend to file separate objections to each and every one of the thirty specifications in the complaint, and subpœna 1920 witnesses; and

" Whereas, Owing to the dilatory motions made by defendant, and proposed to be made, and the length of time consumed by defendant in discussing said motions, it will be almost impossible to ever reach a final conclusion of said cause before this board; and

" Whereas, Counsel for defendant not only refuse to obey the orders of this board, but often use insulting language toward the members thereof, and declare that said board has no power to punish for contempt, or to compel them to obey the orders of this board, nor authority to issue subpœnas, or compel the enforcement of its orders; and

" Whereas, This board has no power to enforce its orders, and cannot compel the defendant to desist from filing motions, and to proceed with the trial of this cause; and

" Whereas, It is held and ruled, on motion of defendant,

that all the twenty members of this board must be present in order to legally try this cause; and

"Whereas, It will scarcely be possible for all the members of this board to be present during the great length of time which will be required to complete the hearing of said cause; and

"Whereas, Counsel for defendant strenuously urge that the board may and should, under the law, direct the county attorney of this county to take this cause to the district court for trial; therefore, be it

"*Resolved*, By this board, that the county attorney of this county be and is hereby instructed to carry this case to the district court of this county for trial, and that this board refuses to proceed any further with the hearing of this cause, and the costs thus far made be and are hereby taxed to the complainant."

Another "motion" was filed by the respondent, but no further action was taken by the board. It is now sought to compel action. If this court has jurisdiction to issue the writ at all it can only be to require respondent to act, and exercise its judgment. It cannot control legal discretion. Sec. 645, Civil Code.

The first question presented by the respondents is as to the sufficiency of the charges and specifications. As the present jurisdiction of this court in this case is original and not appellate, we can have no occasion to pass upon this question. It appears from the record that the county board has held them to be sufficient. That must be final, so far as the action of the board is concerned, until reversed either by itself or by an appellate tribunal. It may be, and is perhaps, true that we may look into the record sufficiently to ascertain whether or not the paper styled "charges and specifications" contains enough to raise it to the dignity of what it purports to be, and for that purpose we have examined it and found it sufficient.

The next, and perhaps most important, question pre-

sented by this record is as to the jurisdiction and powers of
a board of county supervisors to entertain charges of this
kind; and remove county officers from office.	The power
of county commissioners to do so under the provisions of
Art. 2 of chapter 18 of the Compiled Statutes of 1885 is
conceded.	But it is claimed by respondents that a board
of supervisors has no such power.	Section 2 of the act re-
ferred to provides that, " any person may make such
charge, and the board of commissioners shall have exclu-
sive original jurisdiction thereof by a summons." This
act was passed by the territorial legislature, being found
in chapter 45 of the Revised Statutes of 1866, and has re-
mained upon our statute books ever since.	At the time of
its passage the laws of the territory provided for a system
of county government only by a board of county commis-
sioners.	(See chapter 9, Revised Statutes, 1866.) This
law remained in force until the act of February 27, 1873,
took effect.	(General Statutes, p. 241.) The new law
continued in force the provisions of the old, so far as the
board was concerned, and provided, Sec. 2, page 232, that
" The powers of a county as a body politic and corporate
shall be exercised by a board of county commissioners."
On the first day of November, 1875, the present constitu-
tion became the supreme law of this state.	Section five of
the article (10) on counties requires the legislature to pro-
vide by general law for township organization, under which
any county might organize when a majority of the legal
voters should so decide.	Under this provision of the con-
stitution the present law was passed.	Section 21 of chap-
ter 18 of the Compiled Statutes of 1885 is as follows :
" The powers of the county as a body corporate or politic
shall be exercised by a county board, to-wit: In counties
under township organization by a board of supervisors,
which shall be composed of the town and such other su-
pervisors as are or may be elected pursuant to law; in
counties not under township organization, by the board of

county commissioners." From the legislation upon this subject it would seem that in so far as the authority of the counties as a body politic was concerned, it was the purpose of the legislature to make the board of county supervisors the successors in office of the commissioners upon the adoption of township organization, and *vice versa* upon its discontinuance, so far as their powers were concerned, which were not changed by law. It is provided that when township organization shall cease the offices of the county commissioners made vacant shall be restored as at the time of its adoption; that the commissioners shall be the legal successors of the supervisors, etc. Secs. 67, 68, and 69, Chap. 18, Compiled Statutes 1885.

In the *State, ex rel., v. Oleson*, 15 Neb., 247, it was held that, "The trial and ousting from office of a sheriff for corruption, under paragraph 5 of Sec. 1, Art. 2, Chapter 18, Compiled Statutes, by the board of county commissioners, is not the exercise of judicial power nor of the power of impeachment, but of a quasi political and administrative power not denied to such bodies by the constitution." This being true, and the board of supervisors being a substitution for the board of commissioners in the general exercise of this political power, it would seem to be clear that such board would succeed to the powers of the commissioners of that nature, except where otherwise provided by statute, or to be clearly inferred. As we have seen, at the time of the passage of the law for the removal of county officers the board of commissioners was the only administrative and political agency of the counties of the territory and state, and with that view the law was passed, not so much to confer the jurisdiction upon the commissioners, but upon the body exercising and enforcing this administrative and political power.

We therefore conclude that the county board of supervisors has all the jurisdiction and power under the law for the removal of county officers in counties under township

organization that the board of commissioners has in coun-
ties not under such 'organization, and that it is the duty of
respondents to proceed with the trial of the charges pre-
ferred against the clerk. This of course is to be under-
stood as not in any way interfering with their discretion or
judgment in passing upon any legal questions arising in the
case, either upon the sufficiency of the allegations of the
complaint, the competency of testimony, or their final con-
clusion. Nor can it affect the rights of the parties as to
the presentation of legal questions by motion or otherwise
during the hearing, if one is had.

In view of the very remarkable preamble and resolu-
tions adopted by the board, it is deemed proper to notice
some of the recitals and declarations therein in order to
furnish a guide for their future action upon the questions
therein referred to.

It is said "counsel for defendant have notified this
board that they intend to file separate objections to each
and every one of the thirty specifications in the complaint,
and subpœna 1920 witnesses."

The defendant, by his counsel, has the right to attack
"each and every" of the charges and specifications con-
tained in the complaint. But in this they must be gov-
erned by the usual rules of practice obtained in courts of
justice, and all these objections would have to be in one
paper filed at once and disposed of at once. If any of
the charges or specifications should be found insufficient
in law they can be so held, and the objection as to them
sustained. As to the array of witnesses, it is clearly within
the power of the board to tax the costs made by calling
unnecessary witnesses to the party calling them; and this
power should be freely exercised if necessary.

Another recital is to the effect that as defendant had
filed and proposed filing dilatory motions, and the length
of time occupied in discussing them, it would be impos-
sible for the board to reach a final conclusion, etc. There

can be no doubt but that a respondent in such case has the right to present such legal questions for decision as he may think necessary to his proper defense. But it is equally clear that the board have the right to decide all such questions either with or without argument, as they may prefer, and where a question is presented upon which they feel ready to decide without argument they should do so. No time should be lost listening to unnecessary arguments.

It is recited further, that the defendant refuses to obey the orders of the board, uses insulting language toward the members, and that the board has no authority to enforce its orders, etc. Upon this part of the case the relator has cited no statute conferring this power upon the board. But if such power does not exist it does not deprive the board of the power to hear the case and decide upon the merits of the testimony adduced, and it can hardly be believed that a respondent in such a proceeding would be willing to mistreat or show disrespect for the tribunal whose duty it was to pass upon questions so directly affecting his interests. The suggestion that a respectable attorney would do so is not to be for a moment entertained.

The ruling of the board that "all the twenty members of the board must be present in order to legally try the cause" is most clearly wrong. "Two-thirds of all the supervisors elected in the county shall constitute a quorum," etc. Sec. 68, Ch. 18, Compiled Statutes 1885. But of a special meeting all must be notified.

The board had no authority to direct the county attorney to take the case to the district court or to any other court. It is their duty to hear it and decide it so long as the relator insists upon the same being done.

It is the duty of the board to act in the case. It having refused to do so the writ must be awarded as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.