AMANDA B, NOAKES, PLAINTIFF IN ERROR, v. S. S. SWITZER, AND OTHERS, DEFENDANTS IN ERROR.

Trial of right of property: UNDERTAKING. In an attachment case in the county court the chattel property attached was claimed by plaintiff in error, a third party, Proceedings before a justice of the peace for trial of the right of property. The jury found the right of property in the claimant, and the justice ordered it delivered to her. Whereupon the plaintiff presented to the officer executing said attachment an undertaking signed by three persons, not by herself, binding themselves "to the claimant in the sum of two hundred and ninety-four dollars, to the effect that we will pay all damages sustained by reason of the detention or sale of such property." On suit in the district court by the said claimant against the signers of said undertaking, the district court ruled out the undertaking, when offered by the plaintiff as evidence to the jury. *Held* error, and judgment for defendants therein reversed.

ERROR to the district court for Gage county. Tried below before WEAVER, J. The bill of exceptions consists of an agreed statement of facts, as follows:

It is agreed by the parties that by an order of attachment in favor of John Koskis and against Thomas L.

Noakes, that under said attachment personal property was seized as the property of Thomas Noakes. That said attachment was issued out of the county court, and that Amanda Noakes notified the sheriff that she claimed said property as hers; and that such proceedings were had as that the trial of the right of property took place before J. B. Rutherford, a justice of the peace in Gage county, Nebraska, wherein it was found by said justice that the claimant, Amanda B. Noakes, was the owner of the property, and the said justice ordered the return of the property to said claimant, as provided by law, and that subsequently thereto the defendants executed their bond in writing to the claimant as follows:

*Whereas*, The sheriff of Gage county has caused an order of attachment to be levied on certain personal property, as the property of Thomas Noakes and Thomas L. Noakes, and

*Whereas*, A portion of said property has been claimed by Amanda B. Noakes, to-wit: One sorrel mare, one bay mare named Dolly, one bay mare named Musty, blind, one double light harness, one double buggy and one heavy harness; and

*Whereas*, J. B. Rutherford has, by an order based upon a finding of a jury, November 7th, 1870, commanded said sheriff to turn over said property to said claimant, now therefore, we bind ourselves to the claimant in the sum of two hundred and ninety-four dollars, to the effect that we will pay all damages sustained by reason of the detention or sale of said property.

S. S. SWITZER,

G. B. REYNOLDS,

CHARLES S. SCHELL.

Approved by me November 10th, 1879,

EUGENE MACK,

*Sheriff of Gage Co., Neb.*

Plaintiff offers in evidence the above bond, Defendants object to the introduction of the bond.

*First.* Where execution issues from a county court, as in the present case, the statute makes no provision for the execution of a bond to the claimant.

*Second.* That the statute gives a complete, full and perfect remedy by an action against the sheriff and his bondsmen, and that any bond that could have been given or executed in this case, should have been made to the sheriff, and not to the claimant.

*Third.* Where the statute gives a remedy, that must be pursued. That this is no statutory bond, and not a bond executed in pursuance of law, and a failure in this action would be no bar against the sheriff and his bondsmen.

*Fourth.* That the petition does not state facts sufficient to constitute a cause of action, with or without the bond.

Objection sustained; plaintiffs except to ruling of the court. Bond excluded. Verdict and judgment for defendants.

*Sabin & Smith* and *O. P. Mason*, for plaintiff in error.

1. The plaintiff's petition shows that the property was seized by virtue of an order of attachment issued out of the county court of Gage county, hence, the attachment on which the property was taken issued from a court of record. This undertaking offered in evidence, if not a literal, was a substantial compliance with the statute, and should have been admitted in evidence, and the court below erred in excluding the same. *Storms v. Eaton*, 5 Neb., 453.

2. Sureties in an undertaking or bond of this character, are estopped from denying the recitals in the undertaking. In such cases the estoppel is equitable as well as legal, because it would be unjust to permit per-

sons who have aided another to obtain the property of the plaintiff and sell and apply the same to the payment of the debt of a stranger, and thus obtain the property of the plaintiff by means of their intervention with an undertaking of this character, to deny or question the recital in their bond after it was too late to correct the error. Herman on Estoppel, 273, and authorities cited.

*Bush & Rickards,* for defendants in error.

1. This attachment having issued out of the county court and the proceedings being the same as proceedings under execution, it follows that the law must be complied with in that respect. Gen. Stat., sec. 19, p. 267. The law or procedure, when the execution or attachment is issued out of the county court by a justice of the peace, is very different from the procedure when the same is issued out of the district court. We are aware, however, that the constitution, article VI, section 16, also G. S., sec. 1, on page 263, provides that county courts are courts of record. Notwithstanding all this the statute in these kind of cases has provided the procedure. Hence the ruling and judgment of the court below.

2. The undertaking was properly excluded. The procedure to try right of property should have been had under sec. 996–998, instead of 486–488. By section governing this case, if sheriff or constable sells the property, he does so at his peril. If the judgment is adverse to the judgment creditor, he may indemnify the constable or sheriff, when the constable or sheriff may disregard the order of the justice in relation to the rights of the claimant and proceed to sell the property, and if he does sell, notwithstanding the order of the justice to deliver the property to the claimant, such constable or sheriff will be liable to the suit of said claimant. *State v. Powell,* 10 Neb., 48. *Armstrong v. Hervey,* 11 Ohio State, 527.

Claimant has a remedy at law against sheriff and his bondsmen.

Cobb, J.

Whatever may have been the intention of the legislature in providing two different modes of proceeding in cases of property taken on execution or attachment being claimed by third persons, one applicable to proceedings in courts of record, and the other to proceedings before justices of the peace; and, although the provisions of the general statute makes " the provisions of the code of civil procedure, relative to justices of the peace, where no special provision is made in this sub-division," apply to the proceedings in all civil actions prosecuted before said probate judges," and whatever may have been a correct application of the facts presented in this case, had it arisen while such provisions remained unaffected by subsequent provisions, it is very clear that they must now be construed in the light of the provisions of our present constitution applicable thereto.

Probate courts were unknown to the laws of this state at the date of the proceedings in this case; they having been abolished by the constitution and county courts provided in their stead, which latter courts were by express provision of said constitution made courts of record. Therefore all provisions of statute applicable to courts of record in general, where no special provision to the contrary exists, must be held to apply to them. And as the proceedings on the part of the plaintiff in error appear to have been substantially in accordance with such provisions, we think the district court erred in excluding the undertaking from the jury.

While the undertaking set out in the petition and agreed case is not one that we would recommend as a model, yet the defendants in error fail to point us to any respect in which it fails to comply with the law, and we

think that it embraces all the substance of a good undertaking, and is binding upon the parties executing it.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.