|  |  |
|--|--|
| 12 | 313 |
| 13 | 525 |

THE STATE OF NEBRASKA, EX REL. CLARENCE A. NEWMAN, v. JOHN WISE, CHAIRMAN OF THE BOARD OF COMMISSIONERS OF PLATTE COUNTY, AND JOHN STAUFFER, CLERK.

Tax for Bridge Fund. A tax levied for "a county bridge fund," although not based upon a previous estimate as directed in the first clause of the *sixth* sub-division of section 25 of the act "concerning counties and county officers," approved March 1st, 1879, Comp. Stat., 179, is valid, and constitutes a legal basis for a warrant drawn upon the county treasury for an expenditure for bridge purposes.

ORIGINAL application for mandamus.

*B. Millett*, for relator.

*W. S. Geer* and *M. K. Turner*, for respondents.

LAKE, CH. J.

This is an application for a peremptory writ of mandamus to compel the defendants to execute and deliver to the relator a county warrant for the sum of four dollars and twenty-five cents, being the amount of an account for nails furnished by him to the county of Platte for the repair of its bridges, and duly audited and allowed by the board of county commissioners.

Our decision upon the application requires a construction of the following provision in section 25 of the act "concerning counties and county officers," approved March 1st, 1879, viz: "It shall be the duty of the county board of each county, * * * * * *  *Sixth*, At their regular meeting in January of each year to prepare an estimate of the necessary expenses of the county during the ensuing year, the total of which shall in no instance exceed the amount of taxes authorized by law to be levied during that year, including the amounts necessary to meet outstanding indebtedness as evidenced by bonds, coupons, or warrants legally issued; and such estimate containing the items constituting the amounts shall be entered at large upon their records and published four successive weeks before the levy for that year, in some newspaper published and of general circulation in the county, or if none such is published, then in some newspaper of general circulation therein; and no levy of taxes shall be made for any other purpose or amounts than are specified in such estimate as published, but any item or amount may be stricken from such estimate or reduced at the time the levy is made.    If any levy shall be made in excess of such estimate, the tax shall not therefore be void, but the members of the county board and their sureties shall be jointly and severally liable upon their official bonds for the full amount of such excess, which shall be collected by civil action as in other cases, for the use of the school fund of the county.    If the members of said board neglect to comply with any other provisions of this section, the tax shall not therefore be void, but they shall each be liable to a penalty of five hundred dollars, to be recovered by civil action as in other cases, for the use of the school fund of the county." Comp. Statutes, 179.

Against the allowance of the writ it is only urged that, the commissioners having failed to include in their

annual estimate of expenses for the current year any amount whatever for " a county bridge fund," their levy of two mills on the dollar therefor was, by the above provision of statute, simply void and the tax uncollectible, and furnished no basis for the required warrant.

That the levy of this tax without such estimate was a grave mistake on the part of the commissioners there can be no doubt. But it by no means follows, consequentially, that the levy was therefore void. The statute does not so provide, but, on the contrary, declares expressly the reverse of this. The immediate consequences of omission of duties enjoined by this statute upon the commissioners are clearly set forth in the last two clauses of the above quotation. In the first of these clauses, after expressly declaring that : "If any levy shall be made in excess of such estimate, the tax shall not therefore be void," it is provided that, in such case, "the members of the county board and their sureties shall be jointly and severally liable upon their official bonds for the full amount of such excess," etc. And the second clause, which is still more sweeping, after asserting, negatively, the validity of the tax, notwithstanding the neglect of the commissioners " to comply with any other provisions of this section," declares that, "for any such neglect, they shall each be liable to a penalty of five hundred dollars," etc.

If the first clause stood alone, it being couched in terms formally mandatory, the construction contended for by the respondents would probably be justifiable. But, when taken in connection with the other two, its mandatory character is so far modified as to leave the tax to stand wholly unaffected by the failure of the commissioners to make the previous estimate as directed.

We think, therefore, that the levy was a legal basis for the required warrant, and that the writ prayed for should be awarded.

JUDGMENT ACCORDINGLY.