BOARD OF COUNTY COMMISSIONERS OF LANCASTER COUNTY, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, EX REL. J. G. MILLER, DEFENDANT IN ERROR.

1. **Constitutional Law.** The act approved February 20, 1879, for the repayment of taxes levied upon school lands the title of which was in the state, *Held*, Not in conflict with the constitution. *Washington county v. Fletcher*, 12 Neb., 356, adhered to. LAKE, CH. J., dissenting.

2. **Mandamus against County.** County commissioners will not be compelled by mandamus to act upon claims against the county, where no estimates have been made for taxes to be levied to pay the same, unless there are funds in the treasury for the payment of such claims.

3. **County Commissioners** have no authority to audit claims against the county unless there are funds in the treasury or sufficient taxes have been levied for the payment of the same.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Harwood & Ames*, for plaintiff in error.

*Ricketts & Wilson*, for defendant in error.

MAXWELL, J.

On the 5th day of August, 1879, the relator filed a duly verified claim for the sum of $753.75 against Lancaster county for taxes levied and paid upon school lands in said county, the title to which was in the state. No action being taken by the board upon the claim, in May, 1882, the relator obtained an alternative writ of mandamus from the district court of Lancaster county, to compel them to act upon the claim. To this writ the commissioners answered in substance that they were ready and willing to audit said claim whenever there were funds in the treasury of the county for the purpose of paying the same; that prior to the decision of this court in the case of *Washington County v. Fletcher*, 12 Neb., 356, there was doubt as to the validity of the law approved February 20th, 1879, for the repayment of said taxes, in consequence of which no estimate of the amount required for the repayment of the same was made in January, 1882, or at any other time, and that there are no funds in the county treasury for the payment of warrants drawn on such fund. A demurrer to the answer was sustained in the court below, and a peremptory writ awarded.

The question of the validity of the act of February 20th, 1879, for the repayment of taxes paid upon school lands, the title of which is held by the state, was before this court in the case of *Washington County v. Fletcher*, 12 Neb., 156, and it was held by a majority of the court that the act was not in conflict with the constitution, and was valid. And after a careful review of the question, we see no reason to change our views. We therefore adhere to our decision as to the validity of the act.

. The sixth subdivision of the act of 1879, concerning counties and county officers, provides that: "At their regular meeting in January of each year, to prepare an estimate of the necessary expenses of the county during

the ensuing year, the total of which shall in no instance exceed the amount of taxes authorized by law to be levied during that year, including the amounts necessary to meet outstanding indebtedness as evidenced by bonds, coupons, or warrants legally issued, and such estimate containing the items constituting the amounts shall be entered at large upon their records, and published four consecutive weeks before the levy for that year in some newspaper published and of general circulation therein, and no levy of taxes shall be made for any other purpose or amounts than are specified in such estimate as published; but any item or amount may be stricken from such estimate, or reduced at the time the levy is made. If any levy shall be made in excess of such estimate, the tax shall not therefore be void, but the members of the county board and their sureties shall be jointly and severally liable upon their official bonds for the full amount of such excess, which shall be collected by civil action as in other cases, for the use of the school fund of the county. If the members of the said board neglect to comply with any other provisions of this section, the tax shall not therefore be void, but they shall each be liable to a penalty of five hundred dollars, to be recovered by civil action as in other cases, for the use of the school fund of the county." Comp. Stat., 179.

It will be seen that the board are prohibited from levying any taxes not included in the estimate, and are personally liable for the amount thus levied. The proper construction of this subdivision was before this court in the case of the *State v. Wise*, 12 Neb., 313, and it was held that a tax levied for bridge purposes under the provisions of an act passed after the estimates for that year were made, was not void, but that the county commissioners thereby subjected themselves to liability. Such is undoubtedly a proper construction of the act. But this court will not compel county commissioners to violate the law and levy taxes for a particular purpose, where no estimates for that

purpose have been made. The question whether a creditor can compel the commissioners by mandamus to make an estimate sufficiently large to include his account is not before the court. But no warrant can be drawn on the treasury unless there are funds in the treasury, or a sufficient tax has been levied to pay the same.

Sec. 33 of the act above referred to provides that: "Upon the allowance of any claim or account against the county, the county board shall direct the county clerk to draw a warrant upon the county treasurer in payment thereof, such warrant to be signed by the chairman of the county board, countersigned by the county clerk, and sealed with the county seal, but the same shall not be deliverd to the party until the time for taking an appeal has expired, and if such appeal be taken, then not until the same shall have been determined." Comp. Stat., 180.

Sec. 34 provides that: "It shall not be lawful for any warrant to be issued for any amount exceeding in the aggregate seventy-five per cent of the amount levied by tax for the current year, except there be money in the treasury to the credit of the proper fund for the payment of the same. Nor shall the county board issue any certificate of indebtedness in payment of any account or claim in any form whatever, but all accounts against a county which cannot be paid by warrant as herein provided, shall be filed, numbered, and recorded, and paid as aforesaid in the order of their entry upon the record, whenever a warrant can be drawn under the provisions of this section.

Sec. 35 provides that: "Each warrant shall specify the amount levied and appropriated to the fund upon which it is drawn, and the amount already expended of such fund."

Sec. 36 provides that: "Any warrant drawn after seventy-five per cent of the amount levied for the year is exhausted, and where there are no funds in the treasury for the payment of the same, shall not be chargeable as against

the county, but may be collected by civil action from the county board making the same, or any member thereof."

A fair construction of these provisions shows that the legislature did not intend that a claim should be allowed until a warrant could be drawn for the payment of the same; in other words, unless there are funds in the treasury or a tax levied upon which a warrant can be drawn. As it clearly appears that there are no funds in the treasury, or taxes levied upon which a warrant can be drawn to pay the relator's claim, the commissioners will not be compelled to audit his account. The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.