THE STATE OF NEBRASKA, EX REL. HENRY T. CLARKE,
v. G. P. CATHER ET AL.

Counties: ESTIMATE FOR TAXES. Where an account has been duly allowed against a county in a case where the county board had jurisdiction, it is the duty of such board to include the same in its estimates of the taxes to be levied for the ensuing year, and if it fails to do so it may be compelled by mandamus to perform its duty.

ORIGINAL application for mandamus.

*Pound & Burr*, for relator, cited: *State v. Dodge County*, 10 Neb., 20. *State v. Lancaster County*, 13 Neb., 224. *Lancaster County v. State*, Id., 523.

*J. S. Gilham*, for respondents, cited: Comp. Stat., Sec. 37, Ch. 18.

MAXWELL, CH. J.

This is an application for a peremptory writ of mandamus. The plaintiff alleges in his petition that: "On the the 11th day of January, 1884, J. E. Smith, J. L. Miller, and John McCallen were the duly elected and qualified board of county commissioners of said county of Webster, and on that day, at a regular meeting of said board, at the county seat of said county, and having jurisdiction over the parties and the subject-matter, the following allowances and adjustments, settlement, order, and judgments were rendered by said board in favor of this relator, viz.:

"'The board made a settlement with H. T. Clarke, of Omaha, contractor of bridge built in 1874 in this county, and made a correction of an endorsement on one contract in error, and transferred it to another contract in the proper place; also found on bill for balance due on bridge across the Republican river, filed October 6th, 1874,

amounting to $2,924.10. The following endorsements: "Paid in warrants Nos. 19, 20, 21, and 22, dated July 1st, 1875, for $500, $500, $500, and $236.22, respectively." Also endorsed on said bill the following, which were not endorsed at the time of the issuing of the warrants, as follows: "$136.96 issued on the contract July 13th, 1880, in warrants No. 28, $948.52 issued July 8th, 1881, in warrants Nos. 1 and 2 on special bridge fund," and then found that there is due to H. T. Clarke, on the 11th day of January, 1884, the sum of $1,605.71 and interest.

"'J. P. BAYAM,                    J. E. SMITH,
    "' County Clerk.  .      County Commissioner.'

"In January, 1884, the said board met and made an estimate for the expenses for said Webster county for the year 1884, and among other things declared and found that there should be a levy for special county bridge fund, H. T. Clarke account, the sum of $3,000. On and prior to the 28th day of January, 1887, this relator had several times requested said defendants to make an estimate of relator's said judgment, and to levy a tax for the payment of the same, and after a great many delays on the part of said defendants, on the said 28th day of January, 1887, the said board of supervisors, at the county seat of said county, at a regular session and meeting of the said board, did refuse to make an estimate of said judgment and to levy a tax to pay said judgment and amount so found due as aforesaid, and your relator has no knowledge why said board of supervisors refuse to make an estimate and levy a tax to pay said judgment, and it is the duty of said board of supervisors, the defendants, under the laws of the state of Nebraska, to levy said tax and pay your relator said money and interest at the rate of ten per cent per annum until paid, as by terms of the contract between your relator and said defendants is fully shown, a true copy of which contract is hereto attached and made a part hereof,

and it was in disregard to their said duty, when, on the 28th day of January, 1887, they refused so to do."

There are other allegations to which it is unnecessary to refer. To this petition the defendant filed an answer, in which they plead the judgment is invalid for the following reasons:

" 1st.   At the time of said pretended judgment and allowance, there was no funds of said Webster county against which warrants might or could be drawn in payment of said judgment, and there was no money in the county treasury of said county out of which said judgment might be paid.

" 2d.   That said relator did not before said pretended judgment of allowance, or at any time, file any verified claim against said Webster county, nor has there ever been a verified claim filed at any time by or for said relator against said county of Webster.

" 3d.   At the time of said pretended allowance relator had no claim or demand whatsoever against said Webster county, and presented no such claim or demand.

" Defendants further answering say that during the year 1874, the relator built and repaired portions of a bridge across the Republican river in said county, for which he received a large amount in warrants before the commencement of his work, and subsequently, on the 6th day of October, 1874, presented his account for balance due, viz., $2,924.10, which amount was on said date duly allowed him, and subsequently, on the 8th day of December, 1874, an account was duly allowed for $492.80.   Warrants were duly issued to said H. T. Clarke far in excess of what was necessary to pay such allowances, and on July 5th, 1876, the then board of commissioners of said county issued to said H. T. Clarke warrants in the sum of $506$\frac{60}{100}$, which warrants were ordered issued by said board upon condition expressed in the following words written upon their records and published as the minutes of

their proceedings: 'As a balance due on bridge across Republican river, less expense of county on same,' which warrants were duly received by said H. T. Clarke without objection to, and in compliance with, the said record. Said H. T. Clarke, relator, has never done or pretended to have done any service, or rendered any consideration for said Webster county, except during the year 1874, as aforesaid. That the only allowance made to him by any board of commissioners of Webster county are those above stated, made on the 6th day of October, 1874, for $2,924.10, and one on the 8th day of December, 1874, for $492.80; that since said allowances he has received the warrants of said county in sufficient amounts to pay said allowances and the interest accruing thereon, which warrants have long since been paid to said Clarke in full in money. And such accounts and allowances were at the time of the pretended allowance in 1884 fully paid and satisfied.

"Defendants further answering submit that the pretended allowance is not in law an allowance or judgment on its face, but only a computation of what might be due on the allowance made October 8th, 1874, which said computation the said board had no authority to make as a record or judgment, and which said computation is erroneous in that it makes no account of two thousand dollars of warrants before that time delivered to and received by said Clarke."

The relator demurs to this answer, as not constituting a defense to the action. The petition is not as definite as it should be. There is no statement of the exact amount claimed to be due the relator at the present time, nor of the amount received, if anything, from the special levy in the year 1884. It is apparent, however, that something is still due the relator from Webster county upon said claim. The answer fails to set forth the facts as to the alleged payments. That is, there is no statement as to the cost or contract price of the bridge and the amount paid thereon.

There is a denial of the authority of the county board, in 1884, to make the allowance, and it is claimed that there is no verified account filed with the board.   But the account evidently had been pending before such board for a number of years and had been acted upon by it.   There is no claim of fraud or undue means in procuring the allowance of the account, and the allegations are too vague and indefinite to constitute a defense.   *Clark v. Dayton*, 6 Neb., 192.

The granting of a writ in this case does not necessarily establish the fact that a definite sum is due from the county to Clarke, but merely that it is the duty of the county board to provide for what is due.   The case, however, seems to fall within the rule laid down in *Clark v. Dayton* that where a bridge had been accepted and the claim therefor allowed, the remedy of any person aggrieved is by appeal.   A peremptory writ will therefore issue requiring the defendants at their session in January, 1888, to make an estimate of the amount due the relator, and at the proper time levy taxes for the payment of the same.

JUDGMENT ACCORDINGLY.

THE other judges concur.