MARION O. AYRES v. THURSTON COUNTY.

FILED DECEMBER 4, 1901. No. 12,267.

1. **Public Corporation:** MONEY JUDGMENT. Where a public corporation, other than a sovereign state, incurs a legal liability, it may, unless otherwise provided by statute, be sued and a money judgment recovered against it.

2. **Lawful Claim:** RIGHT OF ACTION. The existence of a lawful claim implies, ordinarily, the right to enforce such claim by action.

3. **Counties:** ACTION: CLAIM: COUNTY BOARD: JURISDICTION. The provision of our statute (Compiled Statutes, 1901, ch. 18, art. 1, sec. 20) declaring that counties may be sued either in law or

Ayres v. Thurston County.

in equity is express authority to enforce by action any claim of which the county board has not exclusive original cognizance.

4. ——: ——: ——: ——: COUNTY WARRANTS. County warrants are not within the class of claims which must, in the first instance, be presented to the county board for examination and adjustment.

5. ——: ——: ——: ——: ——: COLLECTION WRONGFULLY APPLIED. An action to recover a money judgment upon a county warrant may be maintained when the money for the payment of such warrant has been collected and wrongfully applied by the county authorities to the payment of other claims against the county.

ERROR from the district court for Thurston county. Tried below before GRAVES, J.. *Reversed*.

*Robert E. Evans*, for plaintiff in error.

*Hiram Chase, contra.*

SULLIVAN, J.

This action was brought to recover a money judgment upon general fund wa·· ·its issued by the county of Thurston to Marion O. Ayres. The petition charges that the warrants were duly issued; that they are valid; that they were presented for registration and registered according to law; that since their issuance and registration from three to seven years have elapsed; that the funds against which they were drawn, and out of which they should have been paid, came long since into the hands of the county treasurer and were by the county authorities wrongfully applied to the payment of other claims against the county. It is also alleged that the county has refused either to pay the warrants or to make any provision for their payment. The defendant demurred to the petition, on the ground that the facts pleaded were insufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiff failing to amend, judgment on the merits was given against him. This decision can not be sustained. It is grounded on the erroneous assumption that an ordinary

11

action can, under no circumstances, be maintained upon a warrant issued by a county or other political subdivision of the state. The general current of authority is certainly the other way. "Where a county refuses," says Valentine, J., in *Commissioners v. Brewer,* 9 Kan., 307, "to pay a claim against it, there seems to be no good reason why it may not be sued as well as any other corporation, or as any individual under like circumstances." The doctrine of the cases seems to be that where a public corporation other than a sovereign state incurs a legal liability it may be sued and judgment recovered against it. *Gillett v. Commissioners,* 18 Kan., 410; *Armstrong v. Tama County,* 34 Ia., 309; *Savage v. Supervisors Crawford County,* 10 Wis., 44; *People v. Clark County,* 50 Ill., 213; *International Bank v. Franklin County,* 65 Mo., 105; *Heffleman v. Pennington County,* 3 S. Dak., 162; *Hockaday v. Commissioners,* 1 Colo. App., 362. The existence of a lawful claim implies, ordinarily, the right to enforce such claim by action. The cases which counsel for defendant cites in support of his contention that counties are not liable to suit, unless made so by express statute, are cases in which there was no legal liability. *Wehn v. Commissioners,* 5 Nebr., 494; *Woods v. Colfax County,* 10 Nebr., 552. In these cases the remedy was denied, because the right did not exist. A recovery was not allowed, because there was no valid claim. In the case now before us it is conceded that the county is indebted to the plaintiff and is under a legal and moral obligation to pay him the amount due upon his warrants. The provision of the statute (Compiled Statutes, 1901, ch. 18, art. 1, sec. 20) declaring that counties may be sued either in law or equity means, of course, that they may be sued in any court of competent jurisdiction by any one having a lawful demand against them, and is express authority for the enforcement by suit of any claim which the county board is not required to consider and pass upon in the first instance. The warrants in suit are based upon claims duly audited and allowed; the liability of the defendant for their payment is unalterably fixed by

the orders under which they were issued, and they are, therefore, not within the class of claims of which the county board has exclusive original cognizance. While the question here considered has never before been squarely presented to this court for decision, it was assumed in *Brewer v. Otoe County*, 1 Nebr., 373, and again in *Pollock v. Stanton County*, 57 Nebr., 399, that an action upon a county warrant could be maintained under the circumstances disclosed by the petition in this case.

The judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.