R. G. STRONG, APPELLEE, v. THURSTON COUNTY, APPELLANT.

FILED APRIL 13, 1909. No. 15,588.

1. Counties: CLAIMS: ALLOWANCE: ACTION. A former county attorney who has been deprived of his salary and office rent for a number of years through mismanagement of county affairs or misapplication of county funds may sue the county in the district court to recover the amount due him on claims allowed by the county board, where there is no fund available for their payment.

2. ———: ACTION ON CLAIMS: ESTOPPEL. Failure of a county attorney to institute proceedings to abolish a fiscal system through which county business was mismanaged and payment of his allowed claims for salary delayed does not estop him from asserting his right to judgment for the amount due.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Hiram Chase* and *Howard Saxton,* for appellant.

*R. G. Strong* and *J. M. Curry, contra.*

ROSE, J.

This is a suit by a former county attorney of Thurston county to recover salary and office rent. His claims were duly allowed by the county board, but have not been paid, and warrants on the county treasurer to pay them have never been issued. The action is based on the allowed claims. It will only be necessary to discuss two questions raised by the answer. They are as follows: (1) An original action to recover judgment against a county on claims allowed by the county board cannot be maintained. (2) Recovery on plaintiff's cause of action is defeated by estoppel. To these and other technical defenses pleaded in the answer, plaintiff filed a demurrer, which was sustained. Defendant refused to plead further, and judgment was rendered in favor of plaintiff for $701.95. Defendant appeals.

1. Defendant argues that authority to sue a county in the district court on allowed claims has not been granted by statute, and does not exist. It is also argued that orders of a county board in allowing claims are equivalent to judgments, are final, when not questioned by appeal, and that matters involved therein cannot be relitigated in an original action in the district court. These propositions are earnestly presented, but the doctrines invoked are at variance with former holdings of this court. The owner of a valid claim against a county has statutory authority to bring suit thereon in any court of competent jurisdiction, where he is not required to present it to the county board in the first instance. Comp. St. 1907, ch. 18, art. I, sec. 20; *Ayres v. Thurston County,* 63 Neb. 96. In the present case plaintiff was not required to present his allowed claims to the county board. They had already been presented and allowed, and under the statute cited, he had authority to bring in the district court an original suit thereon. He could not appeal from the county board, because the orders were entered in his favor for the full amount of his claims. A county board which exhausts

current funds, allows a claim in full, fails to issue a warrant therefor, and refuses to pay the claim cannot by that means close the doors of the courts against the claimant and prevent him from recovering a judgment for the amount due. A county may be sued on an unpaid county warrant. *Ayres v. Thurston County*, 63 Neb. 96; *Thurston County v. McIntyre*, 75 Neb. 335. The right to maintain a suit on an unpaid claim allowed by the county board rests on the same ground and is conferred by the statute cited. It would not change the result to regard the allowed claims as judgments, since in this state an action may be maintained on a domestic judgment. *Eldredge v. Aultman, Miller & Co.*, 35 Neb. 884. The district court did not err in entertaining jurisdiction.

2. During plaintiff's incumbency as county attorney of Thurston county the tax levies, when kept within the limits fixed by the constitution, were insufficient to pay the running expenses of the county. In this connection it is alleged in the answer that the county board and county treasurer inaugurated for the management of county affairs an unlawful system. Instead of applying to current expenses the funds arising from the annual levy, the revenue was applied to the payment of expenses incurred during previous years. Under this system claims were paid in the order presented. The indebtedness increased year by year and eventually resulted in postponing the payment of all claims for several years from the time they were allowed. It is also stated in the answer that plaintiff acquiesced in the system described, took no action to abolish it, neglected to demand warrants for his salary, and made no effort to require the county treasurer to pay his claims out of the annual levies. Plaintiff's conduct, both official and private, is pleaded as an estoppel to prevent a recovery.

The fiscal management of the county was under the control of the county board and county treasurer. There is nothing in the answer to show that the county attorney ever advised them to adopt or carry out the system de-

nounced, or that he was ever consulted on that subject. His failure as county attorney to abolish by litigation a fiscal system which temporarily deprived him of his compensation in the interests of creditors having prior claims did not forfeit his salary or estop him from claiming it as an individual.  Plaintiff as county attorney did not use his office to procure a preference in the payment of his claims, but awaited his turn like other claimants. There is no pretense that his allowed claims were fraudulent, unjust or illegal.  It is not contended that they have been paid.  No fact or circumstance which precludes plaintiff from recovering judgment on his claims has been shown by the answer, and the defense of estoppel is wholly without merit.

Other technical defenses are urged, but there is no error in the record, and the judgment is

AFFIRMED.