STATE, on complaint of KENNEDY, vs. McGARRY,

QUO WARRANTO: *Removal of officer: Sec. 2, ch. 189, Laws of 1865: Pleading: Practice.*

1. Under sec. 2, ch. 189, Laws of 1865, when the supervisors of Milwaukee county have removed the inspector of the house of correction, assigning in writing upon their minutes any of the grounds of removal there mentioned, their decision is final.

2. In a grant of power to remove " for incompetency, improper conduct, or other cause satisfactory to the board," the words " other cause" construed to mean " other *like* cause;" i. e. one affecting the officer's fitness for the office.

3. Under that act said board may remove without examining witnesses under oath, or giving the officer previous notice of the investigation of charges against him.

4. In a complaint against such officer to try his title, alleging that on a specified day he was duly removed, &c., the precise date is immaterial; and a denial that *on that day* he was duly removed, &c., is insufficient.

5. The answer should not merely deny that defendant "was duly removed," &c., but allege the facts on which such denial is founded.

6. A denial by such officer that the cause of his removal " was particularly assigned in writing and entered upon the minutes of said board," cannot be made *on information and belief:* such minutes being public records.

7. The last objection can be taken by general demurrer in this state. R. S. ch. 125, sec. 15.

8. Where the answer of the respondent, in an action in the nature of *quo warranto*, does not state a defense, the relator should proceed by demurrer, and not by a motion to quash.

Action in the nature of a *quo warranto*, commenced in this court, to try the title of the defendant to the office of Inspector of the House of Correction for Milwaukee county. The sub-

stance of the complaint and answer will sufficiently appear from the opinion.   A motion to quash the answer was denied, on the ground that the proper practice was to demur.   The complainant then demurred to the answer as not stating a defense.

*J. P. C. Cottrill*, for the demurrer.

*Palmer & Hooker, contra.*

DIXON, C. J.   The statute defining the powers of the board of supervisors of Milwaukee county for the regulation and management of the house of correction in that county, contains this language:   "Said board shall also appoint one inspector for said house of correction, who shall be the principal keeper of said house of correction, and who shall hold his office for the term of two years, commencing on the first Monday of January succeeding his appointment, unless sooner removed by said board for incompetency, improper conduct, or other cause satisfactory to said board.   The cause of such removal shall be particularly assigned in writing, and entered upon the minutes of said board, with the ayes and noes upon the adoption of the vote for such removal."   Gen. Laws of 1865, ch. 189, sec. 2.

The resolution of the board for the removal of the defendant from the office of inspector, alleged in the complaint to have been entered upon the minutes of the board, with the ayes and noes upon the adoption of the vote, specifies for cause of such removal, "incompetency, improper conduct, and disobedience of the orders of the board."

The first question presented by the demurrer is as to the power possessed by the board, and whether its action is final, or is subject to review by the courts in proceedings like this. We are clearly of opinion that the power of the board is absolute, and its determination final, when acting within the scope of the power.   The board may remove for incompetency, improper conduct or other cause *satisfactory* to the board.   By

" other cause " we understand other *kindred* cause, showing that it is improper that the incumbent should be retained in office. If the board should attempt to remove him for some cause not affecting his competency or fitness to discharge the duties of the office, that would be an excess of power, and not a removal within the statute. It would be equivalent to removing him without assigning any cause—a merely arbitrary removal, which the statute does not authorize. The cause must be one which touches the qualifications of the officer for the office, and shows that he is not a fit or proper person to perform the duties; and when such a cause is assigned, the power to determine whether it exists or not is vested exclusively in the board, and its decision upon the facts cannot be reviewed in the courts. The only question of judicial cognizance is as to whether the board has kept within its jurisdiction, or whether the cause assigned is a cause for removal under the statute. And this is the principle established in *The State ex rel. Gill v. The Common Council of the City of Watertown*, 9 Wis., 254, as we understand that decision. In that case the statute named no specific ground of removal, but authorized it for "due cause." It was held, in the first place, that what was "due cause" was a question of law for the courts; and in the next, that as the order of removal specified no cause, the action of the common council was unauthorized and void. But it was expressly said, a sufficient cause of removal being alleged so as to give jurisdiction, that the discretion of the body or tribunal authorized by law to decide on it, would not be interfered with. In this case two distinct causes for removal, incompetency and improper conduct, are specified in the statute; and both of them are charged and found true by the resolution. There can be no doubt, we think, that a charge in the words of the statute is sufficient. Besides these two, the resolution contains a third cause, namely, disobedience of the orders of the board. This, too, we deem sufficient. The statute makes it

the duty of the inspector to comply with all such regulations, rules and by-laws as shall be prescribed or established by the board for the management &c. of the house and of the persons confined therein.—This disposes of all those parts of the answer in which the defendant seeks to go behind the action of the board, and to show that the causes for his removal did not exist, or were different from those assigned. The decision of the board being final, no such defense can now be made.

That part of the answer in which it is alleged that persons were examined and made statements before the board touching the charges made against the defendant, but without being sworn as witnesses, and that the defendant was not permitted to cross-examine them, is also irrelevant. It was certainly very proper for the board to notify the defendant of their intended proceedings, and to allow him to appear and take part in them, and to produce and examine witnesses, which it seems he did do; but the board was not bound to do so. It might have proceeded to order his removal *ex parte*, and without notice to him, and without any examination of witnesses, formal or otherwise; and if it could have done that, then it could dispense with the oath to those persons who were examined, or refuse to allow the defendant to cross-examine. The most that can be said of it is, that it was a refusal to extend to him the same degree of consideration and favor which was shown when he was notified to appear and permitted to examine witnesses in his own behalf. The justice or injustice of the proceeding are not matters which can be examined here.

That part of the answer in which the defendant, pursuing the language of the complaint, denies " that on the 31st day of December, 1866, the said *Edward McGarry* was, by the board of supervisors of said county of Milwaukee, pursuant to section ten of chapter 189 of the acts of a general nature of the state of Wisconsin, entitled an act in addition to and to amend chapter 318 of the private and local acts of the year 1855, ap-

proved March 31st, 1855, entitled an act for the establishment of a house of refuge for juvenile and other delinquents in the county of Milwaukee, duly removed from the said office of inspector of said house of correction," is clearly insufficient. It is a *negative pregnant,* and as such would have been bad pleading at the common law. It is equally so now. It denies that the removal was made on the particular day named in the complaint, and thus, by implication, admits that it might have been made upon some other day before the commencement of the action, which would have been just as effectual. The denial extends to the *time* of removal, which is immaterial, as well as to *the removal itself;* and thus it is impossible to say, from the terms of it, upon which of those points the defendant intends to rest his defense. And again, if the defendant wishes to deny that he was "duly removed," he should state the facts upon which such denial is founded.

The same remarks may also be true of that part of the answer in which the defendant denies "that the cause of such removal was particularly assigned in writing and entered upon the minutes of said board." This denial should have been in the disjunctive. But there is another and, as I think, more serious objection to it. It is made upon the "information and belief" of the defendant. If the resolutions of the board are in writing, and entered upon its minutes, they are matters of public record, and, as such, open to be examined by the defendant or any one else who choses to do so. I do not think, in cases of this description, that a defendant should be allowed to close his eyes and ears and set up a want of knowledge or information; and this court so held in *Hathaway v. Baldwin,* 17 Wis., 616. The only difficulty I have had about this question is, whether advantage can be taken of the objection by demurrer. It is held in New York that it cannot. Voorhies' Code (ed. of 1864), p. 268, note *d,* and p. 303, note *c,* and cases cited. On examining their decisions and comparing sec. 153 of their

code with sec. 15,.ch. 125 of our revised statutes, I have come to the conclusion that the rule as it has always been understood, must be different in this state, and that advantage may be taken of the objection by demurrer. Sec. 153 of the New York code reads: " And the plaintiff may in all cases demur to an answer containing new matter, where, upon its face, it does not constitute a counter-claim or defense." In our section 15, the words "containing new matter," are omitted, so as to read thus: " And the plaintiff may in all cases demur to an answer where, upon its face, it does not constitute a counter-claim or defense." This difference in praseology must, I think, produce a difference in decision. It evinces an intention on the part of the legislature to allow a demurrer in all cases when the answer is on its face insufficient. I think, therefore, as was intimated in *Hathaway v. Baldwin,* where the defendant is so situated that he is *prima facie* chargeable with information of the matter alleged, that he must, in addition to the averment of a want of knowledge or information sufficient to form a belief, state the facts showing why it is that he has no such knowledge or information, so as to overcome the presumption, or his answer will be demurrable.

For these reasons, I think the demurrer to the answer must be sustained.

*By the Court.*—Ordered accordingly.