ERICK C. MUNK V. J. L. FRINK ET AL.

FILED DECEMBER 6, 1905. No. 14,332.

1. **License of Physician: REVOCATION: REVIEW.** By section 580 of the code the district court is given jurisdiction to review, by proceedings in error, an order of the state board of health revoking the license of a physician.

2. **A** complaint filed before the state board of health for the purpose of procuring an order revoking the license of a physician is sufficient if it informs the accused, not only of the nature of the wrong laid to his charge, but of the particular instance of its alleged perpetration.

3. **State Board of Health.** The act of 1891, creating a state board of health, is not rendered void by the fact that it provides for compensation of its secretaries by fees which are not required to be accounted for to or paid into the state treasury.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE. *Reversed.*

*M. F. Harrington, H. Halderson* and *A. M. Post,* for plaintiff in error.

*Norris Brown, Attorney General, William T. Thompson, L. R. Latham, H. F. Rose* and *H. C. Vail, contra.*

AMES, C.

In March, 1891, the state board of health of this state issued, pursuant to the statute in force at that time, a certificate licensing or permitting the plaintiff in error to engage in the practice of medicine. On May 27, 1904, there was filed with the secretaries of the board a verified complaint against him, of the first two clauses of which the following are copies: "The affiants, F. Frink and R. R. Kennedy, residents of Madison county, Nebraska, who, being first duly sworn, depose and say that your Honorable Board should refuse to issue a certificate to Dr. Erick C. Munk of Newman's Grove, Madison county, Nebraska, or

if certificate has already been issued to Erick C. Munk, that it should be revoked for the following reasons: First. In the procurement, aiding and abetting a criminal abortion as follows: Dr. Erick C. Munk on the 11th day of February, 1904, in the county of Boone, wilfully, unlawfully and maliciously did use a certain instrument, the name of which is to affiant unknown, by thrusting and inserting said instrument into the womb of one Laura Orender, then and there being a pregnant woman, with the intent then and there and thereby to procure the miscarriage of the said Laura Orender, the same not being necessary to preserve the life of the said Laura Orender, not being advised by two physicians to be necessary for that purpose other than Dr. D. G. Walker, who assisted in producing said miscarriage, and was a co-conspirator in said crime."

In November following, the board, after having heard testimony and arguments by counsel, entered of record a finding by them that "the said Erick C. Munk is guilty in manner and form as charged in said complaint," and an order that said certificate issued to said Munk "be, and the same is, hereby canceled and revoked." The board are empowered by section 14, chapter 55, Compiled Statutes 1903 (Ann. St. 9428), to revoke such certificates for several specified causes, among which are "the procuring or aiding or abetting in procuring a criminal abortion." The statute (Cr. code, sec. 6) defines the crime of abortion as the unlawful use of drugs or instruments for the destruction of a vitalized embryo or foetus, resulting in the death thereof, or of its mother. And such may be regarded as substantially the common law definition of the offense. *Hatfield v. Gano,* 15 Ia. 178; *Smith v. State,* 33 Me. 48; *State v. Cooper,* 22 N. J. Law, 248. From the foregoing order of the state board, Munk prosecuted a petition in error to the district court for Lancaster county, but his proceeding was dismissed, on motion, on the sole ground that the order is not, in the opinion of the presiding judge, reviewable by the courts, either by proceedings in error or

otherwise. To reverse the order of dismissal, this proceeding is now prosecuted in this court.

In support of the judgment below it is contended that the state board is a body belonging to the executive department of the state government for the exercise of purely police functions, and that its powers are exclusively executive and administrative, and not judicial, in any sense, and that its judgments and orders are therefore not reviewable by the courts upon error, as provided in section 580 of the code which confers upon district courts jurisdiction to review in that manner final orders of tribunals, boards and officers, "exercising judicial functions." Reliance in support of this argument is mainly upon *State v. Hay,* 45 Neb. 321, and authorities there cited. But that decision does not appear to us to be in point, or rather, so far as it is in point, it seems to us to countenance the opposite conclusion. The statute under consideration in that case provided that the superintendent of the Lincoln hospital for the insane should hold his office for the term of six years, "unless sooner removed by the governor for malfeasance in office, or other good and sufficient cause. Comp. St. 1903, ch. 40, sec. 11 (Ann. St. 9600). The governor preferred against the superintendent certain formal specific charges in writing, and, after notice and a hearing, at which testimony was produced, made an order formally sustaining them, and removed the incumbent from office, and appointed a successor. The former refused to yield, and the attorney general instituted in this court an original proceeding in the nature of an information *quo warranto* for the purpose of obtaining a determination of the validity of the order of removal. It was held that the court would not, in that proceeding, either inquire into the sufficiency of the evidence adduced before the governor or retry the issues themselves, but that the governor was without jurisdiction or authority to remove, except for the cause of malfeasance in office, and that the court would examine the charges for the purpose of ascertaining whether they were such as, if true, justified the order under review. It was

found that certain of them were too indefinite to sustain an order of removal, but that certain others were sufficient for that purpose, and, thereupon, the court rendered a judgment of ouster against the incumbent and in favor of the person appointed as his successor.  Such being the jurisdiction and power of the court in a collateral action, that of the district court in a direct proceeding for a review can, as it seems to us, certainly not be less, and it follows from logical necessity that, if the testimony taken before the tribunal, board or officer, has been authenticated and preserved in the form of a bill of exceptions, it may be reviewed in such a proceeding for the purpose of ascertaining whether it is sufficient to sustain the charges made, or some of them, and the consequent order of removal or revocation, as the case may be.

We quite agree with counsel for both parties that there is a close analogy between the class of cases to which *State v. Hay, supra,* belongs, and that in which the present case is included.  An incumbent of an appointive statutory office has not, necessarily, a property or contractual right in his term, so as to render his removal therefrom a judicial act.  Neither has a licensee, necessarily, a property or contractual right in his privilege, so as to render a revocation of his license a like act; but we think that the legislature confers a *quasi* property or contractual right in either case by providing that removal or revocation, as the case may be, shall be only for specified cause or causes arising out of the conduct of the appointee or licensee, and analogous to a forfeiture, the declaration of which is essentially a judicial act.  This view does not, of course, involve a limitation of the power of the legislature to abolish the office or revoke the license by direct enactment.  We conclude therefore that the district court erred in his order of dismissal, and that his judgment should have been one either of affirmance or of reversal, accordingly as the law, applied to the record before him, required the one or the other.  The evidence taken at the hearing was before the district court, and, in our opinion, a judgment of that

court thereon must be rendered before it can be reviewed by this court; but counsel for the plaintiff in error contends that the judgment should have been one of reversal, in any event, for the alleged reason that the complaint before the state board was insufficient to authorize the order of revocation of the license. To that extent we are unable to follow him. The complaint accused the plaintiff in error, in almost the language of the statute, with "the procurement, aiding and abetting a criminal abortion," "as follows" (that is to say, in the following manner, and at the time and upon the person below named). "Dr. Erick C. Munk on the 11th day of February, 1904, in the county of Boone, wilfully, unlawfully and maliciously did use a certain instrument, the name of which is to the affiant unknown, by thrusting and inserting said instrument into the womb," etc. It is quite true, as counsel urges, that the language succeeding the words "as follows" does not constitute a complete description of the crime of abortion, but it is equally evident that it was not used or intended for that purpose, but for the purpose of particularizing and defining the offense charged in general terms in the preceding clause of the paragraph. It is quite likely that the entire "count," as it has been called, is not framed with such definiteness and precision as would be requisite in an indictment or information for the criminal prosecution of the alleged offender, but it is sufficient to inform him with reasonable certainty, not only of the nature of the wrong laid to his charge, but of the particular instance of its alleged perpetration. In other words, it is "certain to a common intent," and in a proceeding of this kind that, we think, is all that is indispensably requisite. *State v. Common Council*, 53 Minn. 238; *People v. Thompson*, 94 N. Y. 451; *In re Smith*, 10 Wend. (N. Y.) 449; *Meffert v. Medical Board*, 66 Kan. 710.

There is a second "count" in the complaint accusing the plaintiff, in the same form as the preceding, of a similar offense upon the person of Maggie Daly, and what has been said above applies to it also.

Counsel for plaintiff in error also attacks the act creating the state board of health for unconstitutionality because it provides for the payment of the secretaries of the board by fees, which are not required to be accounted for to and paid into the state treasury. To what extent this method of compensation was a material inducement to the passage of the act may be a subject of debate, but in the light of *State v. Porter,* 69 Neb. 203, we do not think it material. The state board is composed of executive state officers to whom the act awards, or attempts to award, no fees or compensation whatever, and even if it should be held that its provisions for the remuneration of the secretaries is void, that fact would not necessarily be destructive of the board, for the compensation of whose assistants the legislature might enact some other means.

For the foregoing reasons, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with law.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with law.  •

REVERSED.