MAX COHN, APPELLEE, V. CHARLES D. BUTTERFIELD, APPELLANT.

FILED SEPTEMBER 25, 1911.   No. 16,526.

1. Officers: REMOVAL: RIGHT OF APPEAL.   The plaintiff and appellee began an action in the district court by petition in error against this defendant and appellant to reverse an order of the governor removing appellee from the office of notary public upon complaint of appellant, and obtained a judgment for costs against this appellant and an order reversing the decision of the governor. *Held,* That the appellant has such interest in the proceedings in the district court as to enable him to appeal from the judgment and order therein to this court.

2. ———: ———: REVIEW.   Upon petition in error in the district court to reverse an order of the governor removing a notary public from office, the plaintiff in error is not entitled to a trial *de novo* and it is error to order the reversal of the decision of the gov-

57

ernor for want of prosecution in the district court and to enter judgment for costs against the defendant in error.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*Pitzer & Hayward, D. W. Livingston* and *Edwin Zimmerer,* for appellant.

*John·H. Ames, F. T. Ransom* and *Hall, Woods & Pound, contra.*

SEDGWICK, J.

Charles D. Butterfield, who is named as defendant in this case, filed a complaint before the then governor, John H. Mickey, charging Max Cohn, who is named as plaintiff and who was then a duly qualified and acting notary public, with malfeasance in office as notary public. The proceedings were brought under section ·14 of the notary public act. Comp. St. 1909, ch. 61, sec. 14. The proceedings before the governor were entitled "Charles D. Butterfield v. Max Cohn." The governor appointed a referee, who took evidence and duly certified and returned the same to the governor. Mr. Cohn was duly notified, and upon consideration of the evidence and argument the governor found that the charges in the complaint were sustained, and made an order removing him from the office of notary public.

Thereafter, and on the 26th day of April, 1907, Mr. Cohn filed a petition in error in the district court for Lancaster county to reverse the order of the governor. In this petition he named himself as plaintiff in error and Mr. Butterfield as defendant in error, and alleged that Mr. Butterfield was complainant before the governor, and as such "procured an order and judgment removing this plaintiff from his said office of notary public." A summons in error was issued and served upon Mr. Butterfield as defendant in error. On the 17th day of July, 1909, his petition in error having been pending for more than

two years, and nothing having been done in the case by either party, Mr. Cohn filed a motion to "sustain the appeal in the above entitled cause of action and to reverse and set aside the findings and order of the Honorable John H. Mickey, formerly governor, and to reinstate the plaintiff in error to his official position as notary public." The ground stated in the motion for the relief asked was that the petition in error had been pending and summons in error duly served as above stated, and that "defendant in error has entered no appearance and filed no pleadings of any kind." Three days thereafter the court made an order reciting that "it appearing that the defendant in error has had due notice of said motion and he has failed to appear, the court hereby enters a default against him for his failure to appear in said cause as to said motion," and ordering that "the said appeal is sustained in the above entitled action, and the finding and order of the Honorable John H. Mickey, aforesaid, is hereby reversed, set aside and held for naught, and that the plaintiff in error recover his costs herein." The defendant in error, Charles D. Butterfield, has appealed to this court.

1. The appellee presents questions to this court in the following words: "Has this court any litigable question before it? Has the appellant any legal interest in the controversy? Is he in any sense a party to the proceeding, or has he been such in any of its stages? In our opinion all of these questions must be answered in the negative." This, plainly, is not the correct answer to these questions. The governor is authorized to appoint such number of persons to the office of notary public in each county "as he shall deem necessary (Comp. St., ch. 61, sec. 1), and, when charges of malfeasance in office are brought to the governor against a notary public, he must have the evidence taken, and certain formalities must be complied with, and, if he is satisfied from the evidence that "the charges are substantially proven, the governor may remove the person charged from the office of notary public." Comp. St., ch. 61, sec. 14. This case is not in substance

the same as *Munk v. Frink,* 75 Neb. 172, 81 Neb. 631, although the proceedings may be somewhat analogous. An appointee to office has no such right therein as against the public or the appointing power as a physician has in his profession. In this country it is not unusual for the legislature to provide that the appointing power may remove the appointee at pleasure. Sometimes, as in this case, notice and a hearing with opportunity to defend are necessary. Generally no appeal is allowed unless provided for by statute. In this state no doubt a review may be had, as pointed out in *Munk v. Frink, supra,* and *Mathews v. Hedlund,* 82 Neb. 825, but, as said in those cases, the court will not weigh conflicting evidence to ascertain whether the order of removal is sustained. This plaintiff began proceedings in the district court against this defendant to reverse an order which he alleged this defendant had obtained against him. On his motion the court reversed the order complained of, and adjudged costs against this defendant and in favor of this plaintiff. Surely he cannot now be heard to say that defendant had no interest in that order and judgment.

2. Did the district court err in reversing the governor's order and adjudging costs against the defendant? The plaintiff was the moving party in the district court. It devolved upon him to show to the court upon the record presented that there was such error in the proceedings before the governor that the order was invalid. The court is not authorized to try the cause *de novo,* and the fact that the defendant in those proceedings had "entered no appearance and filed no pleadings" did not render the order of the governor erroneous. If the district court did not have jurisdiction of the cause for want of proper parties, the result here would be the same; a judgment against the defendant under such circumstances would be erroneous.

The judgment of the district court is reversed and the cause remanded.

REVERSED.