State, ex rel. White, v. Morehead.

STATE, EX REL. ALBERT S. WHITE ET AL., APPELLEES, v. JOHN H. MOREHEAD ET AL., APPELLANTS.

FILED MARCH 16, 1917.   No. 19911.

Mandamus: REMEDY AT LAW. The action of the state banking board in granting or refusing a bank charter is reviewable by petition in error in the district court. This affords a complete and adequate remedy for any error of that board in such matters, and mandamus to compel a different action cannot be maintained.

APPEAL from the district court for Lancaster county: WILLIAM H. WESTOVER, JUDGE. *Reversed and dismissed.*

*Willis E. Reed, Attorney General, Dexter T. Barrett* and *Charles S. Roe,* for appellants.

*Lambert, Shotwell & Shotwell* and *Morning & Ledwith, contra.*

SEDGWICK, J.

The first question presented in this case is whether mandamus is the proper remedy, and that depends upon whether the relator had a complete and adequate remedy by petition in error to review the order of the state banking board in refusing to grant the charter. Under the opinion of this

court in *Mathews v. Hedlund*, 82 Neb. 825, and *Munk v. Frink*, 75 Neb. 172, and various other decisions of this court, some of which are cited in the two cases above referred to, there can be no doubt that the action of the state banking board can be reviewed by petition in error filed in the district court.

The question then is whether the review by petition in error in such case is an adequate and complete remedy. Section 7880, Rev. St. 1913, provides: "Any person or officer, or the presiding officer of any board or tribunal before whom any proceeding may be had, shall, on request of any party thereto, settle, sign, and allow a bill of exceptions of all the evidence offered or given on the hearing of such proceeding." Section 8177 provides the procedure. This would seem to give the applicants for a banking charter the right to have the evidence taken down and a bill of exceptions settled by the state banking board. If that was done and the evidence with the petition in error filed in the district court, the district court would proceed exactly as it would upon a writ of mandamus, if that was the proper remedy; that is, it would determine whether the board had committed any substantial and reversible error. If the record showed that the board had exceeded its jurisdiction or power, or if it showed that in the exercise of its discretion the board had abused its discretion to the prejudice of the plaintiff in error, the order of the board would be reversed. The statute provides that the order, if found erroneous, "may be reversed, vacated or modified by the district court." Under this power the district court would affirm or reverse the order of the banking board, and, if the order was reversed, would determine what order should have been made, if that could be determined upon the record presented, and certify to the banking board with instructions to enter the order that should have been entered. If the record was insufficient for that purpose, the matter would be remanded for further proceedings. This remedy would be complete.

In this case the proper practice is discussed in the briefs, and it is insisted that mandamus is not the proper remedy. It is the general rule in all courts that mandamus cannot be used when there is a complete and adequate remedy provided by statute. The important question of the construction of the statute, and the power of the banking board to refuse a charter solely because it may find that the banking facilities in the locality where it is proposed to use the charter applied for are already adequate, is determined in *State v. Morehead,* 100 Neb. 864, and it is not necessary to discuss that question here.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

HAMER, J., concurring in part and in the conclusion of dismissal.

According to the syllabus in the majority opinion, the action of the state banking board in denying an application for a charter is reviewable by petition in error in the district court, and if denied in that court an appeal may be taken to this court, and mandamus to compel the board to issue the charter is held not to be the proper remedy.

In *Munk v. Frink,* 75 Neb. 172, it was held: "By section 580 of the Code the district court is given jurisdiction to review, by proceedings in error, an order of the state board of health revoking the license of a physician."

In *State v. Hay,* 45 Neb. 321, it was held: "The power conferred upon the governor to remove certain public officers for cause is an administrative and not a judicial function, and orders made in the exercise of that power are not reviewable by the courts." It was held in that case that the office of governor was an administrative and political office, and that it was not judicial, and that a hearing had before the governor to remove the incumbent of the office of state superintendent of the asylum for the insane at Lincoln could not be reviewed in the courts. Governor Holcomb heard charges against Dr. Hay and removed Dr. Hay

from the office which he held as superintendent of the asylum. Dr. Hay tried to review the proceeding before Governor Holcomb, but he was unable to bring about any result. He came to this court to review the proceedings against him. Judge Post, delivering the opinion of this court, said: "The conclusion reached, although not expressed in the case cited (*State v. Smith*, 35 Neb. 13) was, that such power is in its proper sense an administrative rather than a judicial function, and that orders made in the exercise thereof are not reviewable by the courts; and a re-examination of the subject at this time has confirmed that conclusion. * * * It is sufficient that the conclusion above stated is in accord with the decided weight of authority and supported by the more satisfactory reasoning"—citing a large number of cases. If that doctrine is to be applied, there is in this case no remedy except mandamus. There can be no review by petition in error except where the proceeding sought to be reviewed is a judicial proceeding.

Section 580 of the Code reads: "A judgment rendered, or final order made, by a probate court, justice of the peace, or any other tribunal, board, or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated, or modified by the district court." Notwithstanding what is said touching the case where Dr. Hay was removed from the office of superintendent of the asylum, there are plenty of decisions to the effect that the action of the officer attempting to exercise the functions of a court or quasi-judicial functions are subject to review by petition in error based upon a statement of the issues involved and the evidence preserved in a bill of exceptions.

Does a review of the merits of the case justify the conclusion that it ought to be dismissed?

Sections 280-345, Rev. St. 1913, contain the act concerning banking. Section 295 provides that, after the examination and approval by the banking board of the statement provided for in section 294, the corporation shall file with the state banking board the oath of the president or cash-

ier that the capital stock has been paid in as provided by section 292, and then that the state banking board shall issue the certificate provided for in section 293 and the charter, and this is to be done if the state banking board is satisfied that the parties are parties of integrity and responsibility. It would seem clear that that question is for the determination of the board. In the instant case the banking board does not seem to have been satisfied with the leading promoter in the scheme of organizing the new bank. Governor Morehead, a member of the board, seems to have testified that he was opposed to the promotion of banks. He thought that the creation of banks should come about through voluntary action. As to himself he was inclined to adopt the view that he might be prejudiced against White, who was active in the promotion of the proposed new bank. It seems that the board engaged one Van Horn to investigate Mr. White, the leading promoter in the organization of the proposed bank. Van Horn reported that White had been a justice of the peace in South Omaha; that he had worked at the real estate business in Kansas City; that he was instrumental in the organization of a bank at Chadwick, Missouri, and that he later organized the Night and Day Bank of St. Louis, capitalized at $200,000, and that White went in as president of the bank, and was president for something more than a year. Mr. Van Horn reported that White was well educated, exceptionally bright, and a good promoter, and not dishonest, but that he had been unfortunate in some of the enterprises which he had organized; that he had been in debt and unable to pay, but had subsequently paid what he owed.

Van Horn's report is complimentary to Mr. White, but it at the same time showed that Mr. White had charged large promotion expenses and had been successful in collecting them. There was enough in the report of Mr. Van Horn, and also in the testimony of Governor Morehead and Mr. Royse, to make it a matter of uncertainty as to whether it was advisable to issue a charter to Mr. White and those associated with him. It is for the banking board to

determine the question as best it may concerning whether the parties who apply have "integrity and responsibility." It is not a question for us to determine whether the board rightly decided upon the question which it had before it. If it had a question to decide, and there is evidence enough in the record to show that it had, then that question can only be reviewed by bringing the evidence before us in such a manner that we may properly consider it. There was no proceeding in error from the action of the banking board to the district court for Lancaster county. It was an application for mandamus, and it is well settled that in an application for mandamus there cannot be a review of the testimony for the purpose of correcting errors in the proceedings of the original tribunal. It will be seen that the case does not regularly come to us after being reviewed in the district court on a petition in error from the proceedings of the banking board.

Where one of these various boards, of which there are still many in this state, has heard a case and has made a finding of fact permitting only one conclusion, which it hesitates to declare, there should be no delay upon the part of the courts to use the remedy which mandamus alone provides by compelling it to announce a decision which it is clearly its duty to make and about which it is no longer permitted to exercise discretion. A familiar illustration of the use of mandamus is furnished in cases where officers refuse to declare the result of an election. *Strong, Petitioner,* 20 Pick. (Mass.) 484; *Kisler v. Cameron,* 39 Ind. 488; *Munk v. Frink,* 75 Neb. 172; *State v. City of Lincoln,* 68 Neb. 597.

While, if there was nothing to decide, there would be a clear right to compel action of the board by mandamus, yet in the instant case there was something to decide. It is still undecided. We could not review the decision of the banking board until it was first properly reviewed in the district court upon appeal or error. This court will not by mandamus, attempt to control the discretionary powers of

another tribunal so that they shall be exercised in a particular way. *State v. District Court*, 2 Neb. (Unof.) 385.

"The writ of mandamus will not issue merely to correct errors; it must further appear that the remedy prayed for by the application for the writ can be obtained by that means only and as a last resort, and that the relator has no adequate remedy in the due and ordinary course of the law." *State v. Jessen*, 66 Neb. 515.

The action of the state board of equalization may be reviewed in the district court by a petition in error. *State v. State Board of Equalization and Assessment*, 81 Neb. 139.

Where mandamus is sought to compel the performance of a plain and unqualified duty concerning which the officer is vested with no discretion, the writ will command the doing of the very act itself. *Humboldt County v. County Commissioners of Churchill County*, 6 Nev. 30.

The fact that the party aggrieved by the nonperformance of official duty has a remedy by an action against the officer upon his official bond will not prevent the courts from lending their aid by mandamus to enforce the duty; the remedy upon the bond being inadequate. *State v. Dougherty*, 45 Mo. 294.

In *State v. Francis*, 95 Mo. 44, it was held that mandamus would issue to vacate an order of a police board directing the chief of police not to interfere with the sale of wine and beer on Sunday.

"In contested proceedings for the revocation of a physician's license to practice medicine, * * * if it appears that the state board of health has acted within its jurisdiction, and that all of the jurisdictional facts essential to uphold its final order are sustained by some evidence competent for that board to consider, its orders will be upheld in error proceedings in the district court, and on appeal to this court." *Mathews v. Hedlund*, 82 Neb. 825.

I agree to the conclusion that the case should be dismissed, but upon the merits, and not because of a mistake in the procedure.